UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALAN ARCHER,

                       Plaintiff,

       -against-

TNT USA Inc.,

                       Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-1297 (SLT)(RML)

**TOWNES, United States District Judge:**

On March 15, 2012, plaintiff Alan Archer, a former employee of defendant TNT USA, Inc., commenced this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* ("FLSA"). Plaintiff's complaint alleged, *inter alia,* that plaintiff was not paid overtime wages for a period of years, and demanded back wages and other relief.

By letter dated January 18, 2013, plaintiff's counsel informed Magistrate Judge Levy that the parties had reached a settlement of this action. On January 22, 2013, the parties filed a stipulation and order purporting to dismiss this action with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. The stipulation implicitly requested that this Court approve the settlement by including a space for this Court to "so order" the stipulation.

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[s]ubject to ... any applicable federal statute, the plaintiff may dismss an action without a court order by filing ... a stipulation of dismissal signed by all parties who have appeared." However, the FLSA limits the ability of parties to voluntarily dismiss an action in this manner, placing "'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'" *Mosquera v. Masada Auto Sales, Ltd.,* No. 09-CV-4925 (NGG), 2011

WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008)) (brackets in *Le*). "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011) (quoting *Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22, 2001)). First, 29 U.S.C. § 216(c) expressly authorizes the Secretary of Labor "to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees . . . ." Second, "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Joo*, 763 F. Supp. 2d at 644 (quoting *Manning*, 2001 WL 963982, at *13); *see also Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982).

While the parties tacitly request Court approval of the settlement, they have not provided the Court with a copy of the Settlement Agreement or with a memorandum explaining why the settlement is fair. Without this documentation, this Court cannot scrutinize the settlement for fairness and cannot accede to dismissal with prejudice. Accordingly, the Court not only declines to "so order" the Stipulation of Dismissal, but directs that the stipulation be stricken. *See Mosquera*, 2011 WL 282327, at *2. If the parties wish to dismiss this action with prejudice, they shall submit, at a minimum, (1) a copy of the Settlement Agreement and (2) a joint memorandum of law explaining why the proposed settlement is fair and should be approved.

## *CONCLUSION*

For the reasons stated above, this Court declines to "so order" the Stipulations of Dismissal (Docket Entry 10), and directs that this stipulation be stricken. If the parties wish to

dismiss this action with prejudice, they shall submit, on or before February 15, 2013, (1) a copy of the Settlement Agreement and (2) a joint memorandum of law explaining why the proposed settlement is fair and should be approved.

**SO ORDERED.**

                                                                                                                                           _s/ SLT_
                                                                      SANDRA L. TOWNES
                                                                      United States District Judge

Dated: January 24, 2013
       Brooklyn, New York