# Abdul K. Hassan, Esq.
## Attorney and Counselor at Law
215-28 Hillside Avenue, Queens Village, New York 11427
Phone: 718-740-1000 Fax: 718-468-3894 Email: abdul@abdulhassan.com

**Via ECF**

**January 28, 2013**

Hon. Sandra Townes, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-613-2160
Fax: 718-613-2165

                 **Re: Alan Archer v. TNT USA Inc.**
                     Civil Action #: CV12-1297 (SLT)(RML)
                     Motion for Reconsideration

Dear Judge Townes:

      I represent plaintiff in the above-referenced case and hereby respectfully request reconsideration of the Court's January 24, 2013 order, entered on January 28, 2013, requiring court approval of the FLSA settlement in this action. While plaintiff does not mind showing the Court the settlement agreement in this case, plaintiff is moving for reconsideration because the FLSA in fact does not require court approval and requiring court approval imposes significant delays and costs on the parties and the courts. In a very recent case, one of my clients sent me the following email while waiting for the court to approve her settlement after the court had issued an order requiring approval:

> Hi Mr Hassan is there any good news please let me know cause I still can't find a job and im really running low on my emergency cash I just want to know how much longer is it going to take.????

      I had to inform the client who sent the above email that I have no control over the Court and that we can only wait and see – a response that was not very helpful to the client. What makes the delays and costs of court approval even worse is the fact that the law does not actually require such approval and the parties and the courts are being put through such costs and delays because of confusion. I am kindly asking this Court to clear up that confusion based on the arguments in the attached brief from the case of Cabrera v. Nassau Medical, Second Circuit Case No. 12-3289 – plaintiff's counsel herein represents the plaintiff in Cabrera. **(See Exhibit 1)**. The record is also attached. **(See Exhibit 2)**. Some district court decisions confused the ability to use a settlement as an affirmative defense in a subsequent case, with the ability of the parties to settle

1

an FLSA case without court approval in the first place - and this confusion and error has been repeated by subsequent courts in recent years. Based on my experience of actively litigating FLSA cases for over a decade, more than 95 percent of FLSA settlements in this Court have never been approved by the Court – this Court can confirm this through an anecdotal review of its docket. The first time a judge in one of my cases required court approval where neither party to the FLSA settlement sought court approval was in <u>Cabrera</u> in July 2012. If it is true that an FLSA case cannot be settled without court approval, are federal judges now required to reopen thousands of FLSA cases in this courthouse alone that were discontinued without court approval and conduct fairness hearings in all of them? Some careful reexamination is required with potential consequences in mind as well.

  Notably, the most recent Court of Appeals decision on the issue took the position that court approval was not required. See <u>Martin v. Spring Break '83 Productions, L.L.C.</u>, 688 F.3d 247 (5th Cir., July 24, 2012). On December 10, 2012, the U.S. Supreme Court denied cert in <u>Martin</u>.

  Additionally, the parties are not seeking court approval of the FLSA settlement - this is why only a stipulation of dismissal was filed with the Court. While courts generally so-order stipulations of discontinuance and while defendants generally expect such so-ordering, a stipulation of dismissal signed by all parties results in a dismissal of the case without the need for a court order or so-ordering. See FRCP 41(a)(1)(A)(ii). This is not a case involving an infant or class action that would otherwise require court approval for different reasons.

  It should be made clear that plaintiff's position herein is not because of any disagreement with this Court per se - such position is based on an issue that transcends this case and the need for clarity for the benefit of the court, the bar and the public.

  I thank the Court in advance for its time and consideration.

Respectfully submitted,

 /s/ Abdul Hassan_____
**Abdul K. Hassan, Esq. (AH6510)**
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**